FILED

2017 MAR 13 PM 4:32

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER ONDO,<br><br>Plaintiff,<br><br>v.<br><br>BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., d/b/a FLORIDA BLUE<br><br>Defendant. | ) | Case No. 6:17-CV-461-ORL-31-DCI |

**PLAINTIFF'S CLASS ACTION COMPLAINT**

Plaintiff, CHRIS ONDO, ("Plaintiff"), brings this Class Action Complaint against Defendant, BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., d/b/a FLORIDA BLUE, ("Defendant"), on behalf of himself and all other similarly situated, and complains and alleges upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE ACTION**

1. Plaintiff, on behalf of himself and all others similarly situated, brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant, in negligently and knowingly placing calls to the cellular telephones of Plaintiff and putative Class Members for non-emergency purposes using an automatic telephone dialing system without their prior express consent within the meaning of the Telephone Consume Protection Act, 47 U.S.C. § 227 et seq., ("TCPA").
2. Defendant is a Florida corporation and health insurance company. Florida Blue is the Blue

Cross Blue Shield Association's member company for the State of Florida.

3. Florida Blue operates form principal offices located at 4800 Deerwood Campus Parkway, Jacksonville, FL 32246.
4. Defendant uses an automated telephone dialing system ("ATDS") to place collection calls to consumers.
5. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

**JURISDICTION AND VENUE**

6. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).
7. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 18 U.S.C. § 1391(b) and 1441(a), because Defendant is subject to personal jurisdiction in Lake Mary, Seminole County, Florida.
8. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

9. Plaintiff is, and at all times mentioned herein, was a citizen and resident of Lake Mary, Seminole County, Florida.
10. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153 (10).
11. Defendant is headquartered at 4800 Deerwood Campus Parkway, Jacksonville, FL 32246.

12. Defendant is a corporation and is a "person," as defined by 47 U.S.C. § 153 (10).

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

13. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

14. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(l)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

15. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

16. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

17. "Automatic telephone dialing system" means any equipment that has the "*capacity* to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.*, 2011 WL 3609012 (N.D. Ill. Aug. 16, 2011) (emphasis original).

## FACTUAL ALLEGATIONS

18. Within four (4) years of Plaintiff filing this Complaint, Defendant began calling Plaintiff on Plaintiff's phone xxx-xxx-4835.

19. Plaintiff's phone number ending in 4835 is a cellular telephone.

20. Defendant called Plaintiff's phone ending in 4835 multiple times in March, April, and May, 2016.

21. Specifically, Defendant called Plaintiff's phone ending in 4835 on the following dates and/or times:

    a. March 17, 2016 at 10:36 a.m.
    b. March 18, 2016, at 10:22 a.m.
    c. March 22, 2016, at 3:31 p.m.
    d. March 23, 2016, at 3:33 p.m.
    e. April 26, 2016, at 4:33 p.m.
    f. April 29, 2016, at 11:33 a.m., and 3:25 p.m.
    g. May 2, 2016, at 1:52 p.m., and 4:20 p.m.
    h. May 3, 2016, at 11:20 a.m., and 5:29 p.m.
    i. May 4, 2016, at 10:37 a.m., and 5:29 p.m.

22. Defendant often leaves Plaintiff automated voicemail messages on Plaintiff's phone ending in 4835.

23. The aforementioned voicemails state: "We've been trying to reach you regarding your healthcare inquiry. Please press 1 now to speak with a blue cross enrollment agent. If you already have a policy press 2 now, and we will take you off of your system. Thanks."

24. Defendant calls Plaintiff from 607-249-5003.

25. 607-249-5003 is one of Defendant's phone numbers.

26. Plaintiff never provided her phone number ending in 4835 to Defendant.

27. Defendant never manually dialed Plaintiff's phone number ending in 4835.

28. Defendant's telephone system that made calls to Plaintiff's phone number ending in 4835 has the capacity to generate numbers and dial them without human intervention.

29. Defendant's phone system would select consumers' numbers to be called according to a protocol or strategy entered by Defendant.

30. When Defendant's phone system placed a call and the call was answered, the phone system connected the called party with one of Defendant's live representatives.

31. When Defendant's representatives are ready to begin communicating with debtors, the representatives logged into Defendant's phone system and toggled a button within the application indicating that the representatives are ready to receive live callers.

32. Using a pre-programmed algorithm designed to limit the amount of time between calls, Defendant's phone system begins to simultaneously call multiple consumers.

33. Defendant's representatives receive an audible "beep" in their headset once Defendant's phone system connects with a consumer and transfers the call.

34. Defendant's phone system operates exactly as a predictive dialer would operate.

35. The telephone number ending in 4835 that Defendant used to contact Plaintiff with an "automatic telephone dialing system," was assigned to cellular telephone services as specified in 47 U.S.C. § 227(b)(l)(A)(iii).

36. The calls Defendant placed to Plaintiffs cellular telephone were placed using an automatic telephone dialing system.

37. Defendant uses an "automatic telephone dialing system", as defined by 47 U.S.C. §

227(a)(1), to place its repeated calls to Plaintiff.

38. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

39. Defendant's calls are placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

40. Under the TCPA and pursuant to the FCCs January 2008 Declaratory Ruling, the burden is on the defendant to demonstrate that the Plaintiff provided express consent within the meaning of the statute because it is the best entity to determine how numbers were attained.

41. Plaintiff is not a customer of Defendant's services, and has never provided his cellular telephone number to Defendant for any purpose whatsoever.

42. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

43. These telephone calls by Defendant violated 47 U.S.C. § 227(b)(1).

**CLASS ACTION ALLEGATIONS**

44. Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated ("The Class").

45. Plaintiff represents, and is a member of The Class, consisting of all persons within the United States who received any phone calls to their cellular telephone via an Automated Telephone Dialing System from Defendant without prior express consent.

46. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the

tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

47. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and the Class members via their cellular telephones using an ATDS, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduced cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of Plaintiff and the Class members. Plaintiff and the Class members were damaged as a result.

48. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury.

49. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

50. The joinder of the Class members is impractical and the disposition of their claims in The Class action will provide substantial benefits both to the parties and to the court.

51. The Class can be identified through Defendant's records or Defendant's agents' records.

52. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant placed calls to cellular telephone numbers belonging (other than a message made for emergency purposes or made with the prior express consent of the called party)

to a Class member using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

b. Whether Plaintiff and the Class members were damaged, and the extent of damages for such violation; and

c. Whether Defendant should be enjoined from engaging in such conduct in the future.

53. As a person that received at least one telephone call from Defendant using an automatic telephone dialing system to her cellular telephone without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

54. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

55. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

56. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual

action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

57. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to The Class as a whole.

## CAUSES OF ACTION

### I. FIRST COUNT: NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

60. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

61. Plaintiff and The Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### II. SECOND COUNT: KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

62. Plaintiff incorporates by reference paragraphs 1-57 above of this Complaint as though fully stated herein.

63. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

64. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

65. Plaintiff and The Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

66. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

67. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C);

68. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;

69. An award of attorney's fees and costs to counsel for Plaintiff and The Class;

70. An order certifying The Class as defined above, and appointing Plaintiff as the representative of the class; and

71. Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

72. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED: March 7, 2017 RESPECTFULLY SUBMITTED,

By: /s/

Shireen Hormozdi
Hormozdi Law Firm, LLC
Florida Bar No. 0882461
1770 Indian Trail Road, Suite 175
Norcross, GA 30093
Tel: 678–395-7795
Cell: 678-960-9030
Fax: 866-929-2434
Email: shireen@norcrosslawfirm.com
Attorney of record for Plaintiff

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER ONDO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., d/b/a FLORIDA BLUE | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S CLASS ACTION COMPLAINT**

Plaintiff, CHRIS ONDO, ("Plaintiff"), brings this Class Action Complaint against Defendant, BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., d/b/a FLORIDA BLUE, ("Defendant"), on behalf of himself and all other similarly situated, and complains and alleges upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE ACTION**

1. Plaintiff, on behalf of himself and all others similarly situated, brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant, in negligently and knowingly placing calls to the cellular telephones of Plaintiff and putative Class Members for non-emergency purposes using an automatic telephone dialing system without their prior express consent within the meaning of the Telephone Consume Protection Act, 47 U.S.C. § 227 et seq., ("TCPA").

2. Defendant is a Florida corporation and health insurance company. Florida Blue is the Blue

Cross Blue Shield Association's member company for the State of Florida.

3. Florida Blue operates form principal offices located at 4800 Deerwood Campus Parkway, Jacksonville, FL 32246.

4. Defendant uses an automated telephone dialing system ("ATDS") to place collection calls to consumers.

5. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

**JURISDICTION AND VENUE**

6. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 18 U.S.C. § 1391(b) and 1441(a), because Defendant is subject to personal jurisdiction in Lake Mary, Seminole County, Florida.

8. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

9. Plaintiff is, and at all times mentioned herein, was a citizen and resident of Lake Mary, Seminole County, Florida.

10. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153 (10).

11. Defendant is headquartered at 4800 Deerwood Campus Parkway, Jacksonville, FL 32246.

12. Defendant is a corporation and is a "person," as defined by 47 U.S.C. § 153 (10).

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

13. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

14. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(l)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

15. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

16. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

17. "Automatic telephone dialing system" means any equipment that has the "*capacity* to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.*, 2011 WL 3609012 (N.D. Ill. Aug. 16, 2011) (emphasis original).

## FACTUAL ALLEGATIONS

18. Within four (4) years of Plaintiff filing this Complaint, Defendant began calling Plaintiff on Plaintiff's phone xxx-xxx-4835.

19. Plaintiff's phone number ending in 4835 is a cellular telephone.

20. Defendant called Plaintiff's phone ending in 4835 multiple times in March, April, and May, 2016.

21. Specifically, Defendant called Plaintiff's phone ending in 4835 on the following dates and/or times:

    a. March 17, 2016 at 10:36 a.m.

    b. March 18, 2016, at 10:22 a.m.

    c. March 22, 2016, at 3:31 p.m.

    d. March 23, 2016, at 3:33 p.m.

    e. April 26, 2016, at 4:33 p.m.

    f. April 29, 2016, at 11:33 a.m., and 3:25 p.m.

    g. May 2, 2016, at 1:52 p.m., and 4:20 p.m.

    h. May 3, 2016, at 11:20 a.m., and 5:29 p.m.

    i. May 4, 2016, at 10:37 a.m., and 5:29 p.m.

22. Defendant often leaves Plaintiff automated voicemail messages on Plaintiff's phone ending in 4835.

23. The aforementioned voicemails state: "We've been trying to reach you regarding your healthcare inquiry. Please press 1 now to speak with a blue cross enrollment agent. If you already have a policy press 2 now, and we will take you off of your system. Thanks."

24. Defendant calls Plaintiff from 607-249-5003.

25. 607-249-5003 is one of Defendant's phone numbers.

26. Plaintiff never provided her phone number ending in 4835 to Defendant.

27. Defendant never manually dialed Plaintiff's phone number ending in 4835.

28. Defendant's telephone system that made calls to Plaintiff's phone number ending in 4835 has the capacity to generate numbers and dial them without human intervention.

29. Defendant's phone system would select consumers' numbers to be called according to a protocol or strategy entered by Defendant.

30. When Defendant's phone system placed a call and the call was answered, the phone system connected the called party with one of Defendant's live representatives.

31. When Defendant's representatives are ready to begin communicating with debtors, the representatives logged into Defendant's phone system and toggled a button within the application indicating that the representatives are ready to receive live callers.

32. Using a pre-programmed algorithm designed to limit the amount of time between calls, Defendant's phone system begins to simultaneously call multiple consumers.

33. Defendant's representatives receive an audible "beep" in their headset once Defendant's phone system connects with a consumer and transfers the call.

34. Defendant's phone system operates exactly as a predictive dialer would operate.

35. The telephone number ending in 4835 that Defendant used to contact Plaintiff with an "automatic telephone dialing system," was assigned to cellular telephone services as specified in 47 U.S.C. § 227(b)(l)(A)(iii).

36. The calls Defendant placed to Plaintiff's cellular telephone were placed using an automatic telephone dialing system.

37. Defendant uses an "automatic telephone dialing system", as defined by 47 U.S.C. §

227(a)(1), to place its repeated calls to Plaintiff.

38. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

39. Defendant's calls are placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

40. Under the TCPA and pursuant to the FCCs January 2008 Declaratory Ruling, the burden is on the defendant to demonstrate that the Plaintiff provided express consent within the meaning of the statute because it is the best entity to determine how numbers were attained.

41. Plaintiff is not a customer of Defendant's services, and has never provided his cellular telephone number to Defendant for any purpose whatsoever.

42. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

43. These telephone calls by Defendant violated 47 U.S.C. § 227(b)(1).

**CLASS ACTION ALLEGATIONS**

44. Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated ("The Class").

45. Plaintiff represents, and is a member of The Class, consisting of all persons within the United States who received any phone calls to their cellular telephone via an Automated Telephone Dialing System from Defendant without prior express consent.

46. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the

tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

47. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and the Class members via their cellular telephones using an ATDS, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduced cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of Plaintiff and the Class members. Plaintiff and the Class members were damaged as a result.

48. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury.

49. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

50. The joinder of the Class members is impractical and the disposition of their claims in The Class action will provide substantial benefits both to the parties and to the court.

51. The Class can be identified through Defendant's records or Defendant's agents' records.

52. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a. Whether, within the four years prior to the filing of this Complaint, Defendant placed calls to cellular telephone numbers belonging (other than a message made for emergency purposes or made with the prior express consent of the called party)

to a Class member using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

b. Whether Plaintiff and the Class members were damaged, and the extent of damages for such violation; and

c. Whether Defendant should be enjoined from engaging in such conduct in the future.

53. As a person that received at least one telephone call from Defendant using an automatic telephone dialing system to her cellular telephone without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

54. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

55. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

56. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual

action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

57. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to The Class as a whole.

## CAUSES OF ACTION

### I. FIRST COUNT: NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

60. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

61. Plaintiff and The Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### II. SECOND COUNT: KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

62. Plaintiff incorporates by reference paragraphs 1-57 above of this Complaint as though fully stated herein.

63. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

64. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

65. Plaintiff and The Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

66. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

67. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C);

68. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;

69. An award of attorney's fees and costs to counsel for Plaintiff and The Class;

70. An order certifying The Class as defined above, and appointing Plaintiff as the representative of the class; and

71. Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

72. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED: March 7, 2017 RESPECTFULLY SUBMITTED,

By: /s/

Shireen Hormozdi
Hormozdi Law Firm, LLC
Florida Bar No. 0882461
1770 Indian Trail Road, Suite 175
Norcross, GA 30093
Tel: 678–395-7795
Cell: 678-960-9030
Fax: 866-929-2434
Email: shireen@norcrosslawfirm.com
Attorney of record for Plaintiff